## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TOM McQUEEN, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| HALLMARK COLLEGE, | § | SA-10-CA-0688-OG |
| | § | |
| | § | |
| **Defendant.** | § | |

## <u>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL</u>

This order addresses plaintiff Tom McQueen's motion for appointment of counsel.[1]

The Fifth Circuit has instructed courts to appoint counsel in exceptional circumstances after considering the following factors: "(1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to investigate adequately the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination."[2]  A plaintiff in a civil case has no absolute right to appointment of attorney.[3] Attorneys who volunteer to represent litigants pro bono are not to be used indiscriminately.[4]  The

---

[1]Docket Entry # 2.

[2]*Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (citations omitted).

[3]*Pennington v. Tex. Highway Dep't*, 990 F.2d 627, 627 (5th Cir. 1993).

[4]*See Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

1

pro se litigant has the burden of persuasion as to the necessity of the appointment.  After considering the factors, I do not find exceptional circumstances here.

McQueen presented a complaint naming Hallmark College as defendant, along with an application to proceed in forma pauperis and motion for appointment of counsel.[5]  McQueen sues Hallmark College for alleged age discrimination based on the termination of his employment. To date, McQueen's submissions to the Court have been clear and responsive.  The law and burdens in regard to age-discrimination claims are well-settled.  McQueen's allegations present no novel issues of law.  McQueen has a masters degree in business and has worked as an instructor and an accountant.[6]  McQueen's pleadings, his education, and his work experience indicate he is capable of investigating and presenting his case without the assistance of counsel, to include cross-examining witnesses who may contradict his version of facts.  Additionally, it is too early in this case to determine if the claims presented have some merit in fact and law.  Finally, the Court is mindful that plaintiff can re-urge his motion at a later stage of this litigation, and the Court may consider appointment of counsel sua sponte if warranted .

For the above reasons, I find that plaintiff has not shown exceptional circumstances warrant appointment of counsel.   The motion for appointment of counsel (docket entry #2) is therefore ORDERED DENIED.

**SIGNED** on September 20, 2010.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGEt

---

[5]Docket entry # 6.

[6]Docket entry # 2.